IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Criminal No. 2015-36 |
| ) | |
| MICHAEL LEWIS, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court for resolution of Michael Lewis' "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." [ECF 62]. The government filed its opposition on April 5, 2017,[1] and defendant filed his reply on May 18, 2017. [ECFs 66, 67]. Also pending is defendant's "Motion for Appointment of Counsel." [ECF 63].

**I.   PROCEDURAL BACKGROUND**

On August 6, 2015, a federal grand jury indicted defendant on various firearm charges. [ECF 1]. On October 28, 2015, defendant conditionally pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[2] [ECFs 45, 46]. On March 3, 2016, the District Court sentenced defendant to 75 months imprisonment and three years of supervised release. [ECF 55]. On April 1, 2016, the District Court entered judgment and on December 21, 2016, the United States Court of Appeals for the Third Circuit

---

[1] Rather than being styled an opposition, the document is captioned "United States' Motion to Dismiss the Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 by Michael Lewis." [ECF 66].

[2] Prior to accepting defendant's guilty plea, the District Court denied his motion to suppress various statements, firearms, and ammunition. *See* Oct. 19, 2015 Mot. Hr'g Tr. [ECF 60] at 163-68. Lewis, in his plea agreement, preserved the right to appeal the denial of his suppression motion. [ECF 46] at 7.

affirmed the District Court's denial of Lewis' suppression motion, *United States v. Lewis,* 666 F. App'x 173 (3d Cir. 2016). The Court of Appeals issued its mandate on January 12, 2017. [ECF 61].

On February 27, 2017, defendant filed the instant timely motion.[3] [ECF 62]. The matter was referred to the undersigned for a Report and Recommendation.[4]

## II.     LEGAL STANDARDS

A.     Section 2255

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 allows prisoners to collaterally attack their sentences by moving "the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The remedy is intended only where "the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (internal quotation marks omitted); *see also United States v. Addonizio*, 442 U.S. 178, 184 (1979) (explaining "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment").

---

[3] Under the Antiterrorism and Effective Death Penalty Act of 1996, an individual seeking to file a § 2255 motion has one year, "running from the latest of" four specified dates, to file his motion. 28 U.S.C. § 2255(f) (2012). One of the relevant dates is "the date on which the judgment of conviction becomes final." *Id.* Defendant's judgment of conviction became final on April 12, 2017, 90 days after the Third Circuit's ruling, because he did not seek certiorari. *See* U.S. Sup. Ct. R. 13.1.

[4] General Order in Misc. Case 2018-16.

A § 2255 motion is not, however, a substitute for an appeal. *Hodge*, 554 F.3d at 379. Thus, the general rule is that a prisoner procedurally defaults on a claim if he "neglected to raise [it] on direct appeal." *Id.* (citation omitted); *Massaro v. United States*, 538 U.S. 500, 504 (2003). Moreover, a § 2255 motion may not "be used to relitigate matters decided adversely on appeal." *Gov't of V.I. v. Nicholas*, 759 F.2d 1073, 1074-75 (3d Cir. 1985) (citation omitted). Further, where the prisoner is proceeding *pro se*, the Court must construe his motion liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To prevail on a § 2255 motion, a prisoner must show one of the following: (1) "the sentence was imposed in violation of the Constitution or the laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If the court finds any of these grounds, the court must vacate the judgment, resentence the prisoner, or grant the prisoner a new trial as appropriate. *Id.* at § 2255(b).

A prisoner properly raises ineffective assistance of counsel arguments under § 2255 rather than on direct appeal. *See Massaro*, 538 U.S. at 504 (explaining that it is "preferable" that such claims be considered on collateral review where the record for such claims may be properly developed); *accord United States v. Garcia*, 516 F. App'x 149, 151 (3d Cir. 2013) ("It is well-settled that this Court ordinarily does not review claims of ineffective assistance of counsel on direct appeal.") (citing *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003)).

To succeed on an ineffective assistance of trial counsel claim pursuant to § 2255, a prisoner must show that (1) counsel's representation was deficient and (2) the deficient performance "prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Regarding the

"deficient" prong, a prisoner must demonstrate that his counsel's performance fell below an objective standard of reasonableness, assessing the facts of the case at the time of counsel's conduct. *Id*. at 688-89 ("[T]he performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances."); *accord Jacobs v. Horn*, 395 F.3d 92, 102 (3d Cir. 2005). Regarding the "prejudice" prong, a prisoner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. In other words, counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 688.

With respect to both prongs, the prisoner bears the burden of establishing the claim by a preponderance of the evidence. *United States v. Serrano*, 798 F. Supp. 2d 634, 641 (E.D. Pa. 2011) (citing *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)). In addition, because judicial scrutiny of counsel's performance is highly deferential, a prisoner must overcome a "strong presumption" that counsel's strategy and tactics "fall[] within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689 (alteration added). Accordingly, "[s]urmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010) (alteration added). However, a court has discretion to dispose of a claim at either prong, as there is no required order to the *Strickland* inquiry. *Strickland*, 466 U.S. at 697 (explaining that a court need not "determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies" or "address both components of the inquiry if the defendant makes an insufficient showing on one").

In other words, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.*

Finally, under § 2255, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing." 28 U.S.C. § 2255(b); *accord United States v. Padilla-Castro*, 426 F. App'x 60, 63 (3d Cir. 2011). Of course, if the court can decide the issue on the record before it, such a hearing is superfluous. *See United States v. McCoy*, 410 F.3d 124, 134 (3d Cir. 2005) ("If [the defendant's motion] alleges any facts warranting relief under § 2255 that are not clearly resolved by the record, the District Court was obliged to follow the statutory mandate to hold an evidentiary hearing."); *accord Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989) (holding that a district court is not required to hold a hearing if the prisoner's claims are affirmatively contradicted by the record or are clearly frivolous); *see also Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) ("[A § 2255 motion] can be dismissed without a hearing if (1) the [defendant's] allegations, accepted as true, would not entitle [him] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."). The question of whether to order such an evidentiary hearing "is committed to the sound discretion of the district court." *Forte*, 865 F.2d at 62.

B.  Appointment of Counsel

There is no absolute constitutional right to the appointment of counsel in a federal habeas proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1989) (explaining "the right to appointed counsel extends to the first appeal of right, and no further"). Nevertheless, when a court decides that an evidentiary hearing is warranted on a § 2255 motion, it "must appoint an attorney to

*United States v. Lewis*
Criminal No. 2015-36
Page 6

represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Rule 8(c) of the Rules Governing Section 2255 Cases.  Section 3006A, in turn, allows for the appointment of counsel for a litigant seeking relief under § 2255 when "the interests of justice so require" and such person is "financially unable to obtain adequate representation."  18 U.S.C. § 3006(A)(a).

### III.    DISCUSSION

A.    Defendant's § 2255 Motion

1.    The Parties' Positions

Defendant raises three grounds in support of his motion.[5]  First, he contends that his sentence should be vacated because, following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his prior convictions for possession of firearms and third-degree assault no longer qualify as crimes of violence.  [ECF 79] at 2-5.  Therefore, defendant argues, his sentence may be not be enhanced under § 2k2.1(a)(2) of the Sentencing Guidelines.  *Id.*  Second, defendant claims that his attorney rendered ineffective assistance by failing to appeal his sentence based on that improper enhancement.  *Id.* at 6-13.  Third, defendant avers that counsel failed to appeal his sentence based on another improper enhancement.  Specifically, defendant claims that his sentence should not have been enhanced under § 2k2.1(b)(4)(B) of the Sentencing Guidelines because one of the firearms at issue, a ".40 caliber," did not have an obliterated serial number. [ECF 67] at 3; [ECF 79] at 6-7.  According to defendant, both the Virgin Islands Police Department narrative and the Virgin Islands Police Department probable cause fact sheet identify each of the

---

[5] The first two grounds appear in defendant's motion [ECF 62], whereas the last ground appears in the memorandum accompanying the motion and in the reply.  [ECFs 67, 79].

three seized firearms, including the .40 caliber gun, by their serial numbers. [ECF 79] at 7. Defendant therefore concludes that "there was a blatant violation in the chain of custody." *Id.*

The government counters that defendant's motion is "meritless and contrary to the law." [ECF 66] at 2. According to the government, the *Johnson* Court did not change the fact that, under Virgin Islands law, assault constitutes a crime of violence. *Id.* at 2-3. Further, the government argues that in *Beckles v. United States*, 137 S. Ct. 886 (2017), the Supreme Court held that § 4B1.2(a) of the Sentencing Guidelines was not unconstitutionally vague and that the guidelines themselves are not subject to a vagueness challenge. *Id.* at 3.[6]

2.    <u>Analysis</u>

Under federal law, convicted felons, persons committed to mental institutions, and drug users may not ship, possess, or receive firearms. 18 U.S.C. § 922(g). Violators of this provision may be sentenced to up to ten years' imprisonment. *Id.* at § 924(a)(2). Further, under the Armed Career Criminal Act ("ACCA"), if the violator has three or more previous convictions for serious drug offenses or violent felonies, his prison term increases to between a minimum of 15 years and a maximum of life. *Id.* at § 924(e)(1). The ACCA defines a violent felony as:

> . . . any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . .

---

[6] The government did not address Lewis' ineffective assistance claims.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized portion of the definition is known as the residual clause. *Johnson*, 135 S. Ct. at 2556.

In *Johnson*, after the defendant pleaded guilty to being a felon in possession of a firearm, the government sought an enhanced sentence pursuant to the ACCA. *Id.* at 2551. The two issues before the Supreme Court were (1) whether one of the defendant's previous offenses qualified as a crime of violence under the ACCA's residual clause, and (2) whether the residual clause was unconstitutionally vague. *Id.* On June 26, 2015, the Court concluded that the residual clause was void for vagueness: "We are convinced that the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law." *Id.* at 2557.

On April 18, 2016, in *Welch v. United States*, the Supreme Court held that *Johnson* created a new substantive rule that could be applied retroactively to cases on collateral review:

> New constitutional rules of criminal procedure generally do not apply retroactively to cases on collateral review, but new substantive rules do apply retroactively. . . . Substantive rules alter "the range of conduct or the class of persons that the law punishes," . . . Procedural rules, by contrast, "regulate only the manner of determining the defendant's culpability." . . . Under this framework, *Johnson* is substantive. Before *Johnson*, the residual clause could cause an offender to face a prison sentence of at least 15 years instead of at most 10. Since *Johnson* made the clause invalid, it can no longer mandate or authorize any sentence. By the same logic, *Johnson* is not procedural, since it had nothing to do with the range of permissible methods a court might use to determine whether a defendant should be sentenced under the Act, . . . .

136 S. Ct. 1257, 1259-60 (2016).

On March 6, 2017, in *Beckles v. United States*, the Supreme Court again considered the sentencing of career offenders. 137 S. Ct. 886 (2017). This time, the issue before the Court was whether the residual clause of the sentencing guidelines was, like that of the ACCA, unconstitutionally vague. *Id.* at 890. Regarding the "void for vagueness doctrine," the Court noted that it had previously invalidated two kinds of criminal laws—those that "*define* criminal offenses" and those that "*fix the permissible sentences* for criminal offenses." *Id.* at 892 (emphasis in original). The Court then explained that laws that define criminal offenses must do so "with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement," and that laws that fix the permissible sentences for those offenses "must specify the range of available sentences with 'sufficient clarity.'" *Id.* Next, the Court distinguished *Johnson* from *Beckles*, noting that whereas the ACCA (at issue in *Johnson*) was a law that fixed permissible sentences, the advisory sentencing guidelines (at issue in *Beckles*) "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* Thus, the *Beckles* Court concluded, the advisory guidelines are not subject to due process vagueness challenges, despite the fact that the guidelines' definition of a "crime of violence" is the same as the ACCA's. *Id.* at 890, 894. The Court further noted that the advisory guidelines do not implicate notice concerns because "even if a person behaves so as to avoid an enhanced sentence under the career-offender guideline, the sentencing court retains discretion to impose the enhanced sentence." *Id.* at 894. Lastly, the Court noted that the advisory guidelines do not implicate arbitrary enforcement concerns because instead of prohibiting certain conduct or establishing penalties for a particular crime, they merely "advise

sentencing courts how to exercise their discretion within the bounds established by Congress." *Id.* at 895.

Here, defendant's sentence was appropriate. Defendant was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Under the Sentencing Guidelines, if "the offense involved a [] semiautomatic firearm that is capable of accepting a large capacity magazine," and "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense," the defendant's base offense level is 22. U.S.S.G. § 2K2.1(a)(3).[7] In this case, at least one of the firearms involved was a semiautomatic capable of accepting a large capacity magazine. In addition, defendant was previously convicted in the Superior Court of the Virgin Islands of assault in the third degree with a deadly weapon, which qualifies as a crime of violence under U.S.S.G. 4B1.2(a)(1). *See United States v. Saldana*, 719 F. App'x 120, 127 (3d Cir. 2017) (affirming that "assault in the third degree under Virgin Islands law is a crime of violence"). Next, because the police recovered three firearms in this case, one of which had an obliterated serial number, defendant's offense level was increased by 6 points, for a total of 28. Finally, because defendant accepted responsibility for the offense and timely notified the authorities of his intent to enter a guilty plea, his offense level was reduced by 3, to 25. For a defendant with a total offense level of 25 and a criminal history category of III, the Sentencing Guidelines recommend a sentence of between 70 and 87 months imprisonment. Defendant's sentence of 75 months was therefore within the recommended range.

---

[7] Defendant was sentenced under the 2015 version of the Guidelines Manual.

Further, defendant's ineffective assistance of counsel claim based on *Johnson* fails because defendant cannot demonstrate that he was in any way prejudiced by counsel's failure to assert this unmeritorious argument on appeal. Lastly, defendant's ineffective assistance of counsel claim based on U.S.S.G. § 2k2.1(b)(4)(B) also falls short because, in his conditional plea agreement, defendant expressly waived the right to appeal his sentence: "The defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined . . . or on any ground whatever, in exchange for the concessions made by the United States in the plea agreement." [ECF 43] at 7. In other words, just as defendant preserved the right to file a claim of ineffective assistance of counsel and to appeal the District Court's order denying his suppression motion, *id.*, so too could defendant have preserved the right to appeal based on a misapplication of the sentencing guidelines. Defendant's knowing waiver of that right precludes his raising the issue now.

Moreover, even if defendant had not waived the right to appeal his sentence on this basis, the appeal would not have been meritorious. Count one of the indictment charges defendant with possession of a firearm by a convicted felon and lists three weapons: (1) a Kel-Tec, model PLR-16, 5.56mm caliber pistol, serial number P9Z30; (2) a[n] HS Produkt, model XD-45, .45 caliber pistol, serial number US784826; and (3) an Israeli Weapons Industries (IWI), model Jericho 941 FS, .40 caliber pistol, serial number obliterated (Imported by Magnum Research Inc.). [ECF 1] at 1. Further, according to the plea agreement defendant executed, the police seized the following three firearms: (1) a Kel-Tec, model PLR-16, 5.56mm caliber pistol, serial number P9Z30; (2) a[n] HS Produkt, model XD-45, .45 caliber pistol, serial number US784826; and (3) an Israeli Weapons Industries, model Jericho 941 FS, .40 caliber pistol, *with no identifiable serial number*.

[ECF 43] at 3.  Thus, regardless of the Virgin Islands Police Department records and defendant's suggestion that there was a break in the chain of custody, he was indicted for being in possession of a firearm with an "obliterated serial number" and pled guilty to being in possession of one with "no identifiable serial number."  Therefore, defendant would not have prevailed had he appealed this issue.

B.     Defendant's Motion for Appointment of Counsel

The Court concludes that an evidentiary hearing on defendant's § 2255 motion is not warranted.  Thus, the Court is not obliged to appoint counsel.

## IV.     CONCLUSION

For the foregoing reasons, it is HEREBY ORDERED that defendant's "Motion for Appointment of Counsel" [ECF 63] is DENIED.  Further, it is HEREBY RECOMMENDED that Michael Lewis' "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" [ECF 62] be DENIED without an evidentiary hearing; that a certificate of appealability be DENIED;[8] and that the "United States' Motion to Dismiss the Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 by Michael Lewis" [ECF 66] be GRANTED.

Any objections to this Report and Recommendation must be filed in writing within 14 days of receipt of this notice.  Failure to file objections within the specified time shall bar the aggrieved

---

[8] When a district court issues a final order on a § 2255 motion, it must also determine whether it will permit a certificate of appealability.  3d Cir. L.A.R. 22.2; FED. R. APP. P. 22(b)(1).  A district court will issue a certificate of appealability only upon a finding of a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (stating that a certificate of appealability shall issue only if the petitioner establishes "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").  Here, the record fails to show a violation of petitioner's constitutional rights.  Accordingly, a certificate of appealability should be denied.

party from attacking such Report and Recommendation before the assigned District Court Judge.

28 U.S.C. § 636(b)(1); LRCi 72.3.

**DATED:** April 12, 2019                    S_____
                                             **RUTH MILLER**
                                             United States Magistrate Judge