# DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:15-cr-0036 |
| ) | Civil No. 2017-0014 |
| **MICHAEL A. LEWIS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**ATTORNEYS:**

**Gretchen C.F. Shappert, United States Attorney**
**Meredith Edwards, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
   *For the United States of America,*

**Michael A. Lewis**
Salters, S.C.
   *pro se.*

## MEMORANDUM OPINION

**MOLLOY, Chief Judge.**

   **BEFORE THE COURT** is the Report and Recommendation of Magistrate Judge Ruth Miller, issued on April 15, 2019. (ECF No. 81.) The Magistrate Judge recommends that the Court deny Michael A. Lewis' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, docketed at ECF No. 62, without an evidentiary hearing, and that a certificate of appealability be denied. The Magistrate Judge further recommends that the United States' Motion to Dismiss, docketed at ECF No. 66, be granted.[1] For the reasons stated below, the Court will adopt the Report and Recommendation and will deny the motion to vacate.

---

[1] The Court construes the motion to dismiss as an opposition to the motion to vacate.

## I. FACTUAL AND PROCEDURAL HISTORY

On August 6, 2015, a federal grand jury returned an Indictment in this Court charging Michael A. Lewis ("Lewis") with one federal count of possession of a firearm by a convicted felon, two federal counts of possession of ammunition by a convicted felon, and one local count each of possession of an unlicensed firearm by a convicted felon and possession of an unlicensed firearm. (ECF No. 1.) Three of the counts detailed the serial numbers of the firearms Lewis was charged with possessing, specifying "serial number obliterated" for the model Jericho 941 FS, .40 caliber pistol (the "Jericho"). *Id.* at 1, 4, 5.

On September 24, 2015, Lewis filed a motion to suppress all statements Lewis made prior to being Mirandized as well as all firearms and ammunition collected at his arrest. (ECF No. 30.) Following the evidentiary hearing held on October 19, 2015, the Court denied the motion to suppress, allowing Lewis' statements, as well as the firearms and ammunition, to be admitted.

On October 28, 2015, Lewis pled guilty to Count One of the Indictment charging possession of a firearm by a convicted felon. In the conditional plea agreement, the United States (the "Government") stated that "[t]his matter involves the possession of a firearm with an obliterated serial number and therefore another additional 4 points apply." ECF No. 46 at 5. Lewis objected to the application of the four-level enhancement, and therefore "reserve[d] the right to argue against the application" at sentencing. *Id.* He additionally "waive[d] the right to appeal any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined . . . in exchange for the concessions made by the United States in this plea agreement." *Id.* at 7. Further, Lewis "expressly waive[d] the right to petition under Title 28, United States Code, Section 2255, with the exception of the claim of ineffective assistance of counsel." *Id.*

In his sentencing memorandum, Lewis renewed his objection to the inclusion of the enhancement for an obliterated serial number, arguing that he "d[id] not believe the serial number [was] obliterated on the IWI Jericho . . . ." (ECF No. 52 at 1.) At the sentencing hearing on March 3, 2016, Lewis argued that the Probable Cause Fact Sheet and Narrative of the Virgin Islands Police Department ("VIPD") listed a four-digit serial number (41E2) for the

gun at issue. He contended that he didn't realize there was an issue with the serial number of the Jericho until mid-discovery. At sentencing, following testimony by the ATF Special Agent who investigated the firearm, the Court found that the Government had met its burden of proving the firearm had an obliterated serial number. Accordingly, the Court overruled Lewis' objection to the resulting 4-level enhancement to his offense level and sentenced Lewis to 75 months incarceration, to be followed by three (3) years of supervised release.

On March 7, 2016, Lewis filed a Notice of Appeal of this Court's denial of his motion to suppress. Finding no error, the Third Circuit Court of Appeals affirmed the Court's denial of the motion on December 21, 2016. *See United States v. Lewis*, 666 F.App'x 173 (3d Cir. 2016).

Lewis filed the motion to vacate,[2] docketed at ECF No. 62, on February 27, 2017, and subsequent memorandum in support,[3] docketed at ECF No. 79, some two years later, on March 11, 2019. In the motion and memorandum, Lewis argued that his sentence was unconstitutional, following the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015) and *Beckles v. United States*, 137 S. Ct. 886 (2017), because the definition of "crime of violence" relied on in Section 2K2.1(a) of the United States Sentencing Commission Guidelines ("Sentencing Guidelines") impermissibly elevated his base offense level. (ECF Nos. 62 at 4; 79 at 2-5.) Lewis further based his § 2255 petition on two claims that counsel was ineffective on appeal by not arguing that his sentence was improperly calculated under two sections of the Sentencing Guidelines: 1) Section 2K2.1(a) (based on the allegedly unconstitutional definition of "crime of violence" in the Sentencing Guidelines) and 2) section 2K2.1(b)(4)(B) (based on Lewis' allegation that "there was a[ ] blatant violation in the chain of custody," ECF No. 79 at 7, of the Jericho pistol, which he contends did not have an obliterated serial number when it was seized). *See* ECF Nos. 62 at 4-6; 79 at 6-10. In his

---

[2] For each ground claimed, Lewis stated "(see memorandum of law in support)," without providing further factual basis for his claim in the petition. However, no memorandum was filed contemporaneously with the Court. *See* ECF No. 62 at 4, 5.

[3] On March 11, 2019, Lewis filed a memorandum in support of the motion, which was dated February 24, 2017. *See* ECF No. 79 at 14. The Court construes this memorandum to be the document intended to be filed with Lewis' original motion at ECF No. 62.

memorandum, Lewis argues that the definition of "crime of violence" in section 4B1.2(a) of the 2015 Sentencing Guidelines is unconstitutionally vague under *Johnson* because the wording is identical to that which the Supreme Court held unconstitutional in the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii). (ECF No. 79 at 4 ("Further the petitioner avers that *Johnson*'s reasoning applies with equal force to the residual clause as it appears in the [Sentencing] Guidelines.")).

On April 4, 2017, the Government filed a motion to dismiss Lewis' motion to vacate. (ECF No. 66.) Lewis replied to the motion to dismiss on May 18, 2017, and March 11, 2019. (ECF No. 67 and 78.)

On April 12, 2019, Magistrate Judge Miller entered a Report and Recommendation, recommending that the Court deny Lewis' motion to vacate. (ECF No. 81.) In her report and recommendation, the Magistrate Judge found that Lewis' sentence was appropriately calculated. Second, the Magistrate Judge found that his claim of ineffective assistance of counsel—for not arguing that the sentence was unconstitutional under *Johnson*—fails because Lewis "cannot demonstrate that he was in any way prejudiced by counsel's failure to assert [the] unmeritorious argument on appeal." ECF No. 81 at 11. The Magistrate Judge further found that his claims of ineffective assistance of counsel fail because Lewis, in his conditional plea agreement, specifically waived the right to appeal his sentence. *Id.* ("The defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined . . . .") (citing the Conditional Plea Agreement docketed at ECF No. 46 at 7). Third, the Magistrate Judge found that—even if Lewis had not waived his right to appeal the sentence—"the appeal would not have been meritorious because both the indictment and the plea agreement refer to the Jericho weapon having an obliterated or unidentifiable serial number." ECF No. 81 at 11.

On May 6, 2019, Lewis filed objections to the Report and Recommendation. (ECF No. 82.) Lewis raises three objections. First, Lewis objects "to the [M]agistrate [J]udge's determination[ ] that his ineffective assistance of counsel claims [based on *Johnson*] fail" in part because he waived his right to appeal his sentence. ECF No. 82 at 1-2 (citing Report and

Recommendation at 11, ECF No. 81). Lewis argues that "on appeal his offense level would have been different (lowered)" under *Johnson*." *Id.* at 2. Next, Lewis objects to the Magistrate Judge's determination that such an appeal based on *Johnson* would have been meritless, arguing that under *Gall v. United States*, 552 U.S. 38 (2007), the circuit court of appeals follows a two-step analysis to review the sentence for abuse of discretion. ECF No. 82 at 2-3. Lastly, Lewis objects to the assessment that his ineffective assistance of counsel claim (for not arguing against the obliterated serial number enhancement under section 2K2.1(b)(4)(B)) is meritless. *Id.* at 3-5.

## II.  LEGAL STANDARD

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). When a party is served by mail pursuant to Fed. R. Civ. P. 5(b)(2)(C) ("A paper is served under this rule by . . . mailing it to the person's last known address—in which event service is complete upon mailing"), the 14-day time period within which a party may object to a magistrate judge's report and recommendation is extended to 17 days. *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."); *see also Pearson v. Prison Health Serv.*, 519 F. App'x 79, 81 (3d Cir. 2013) (explaining that when a party is served with a report and recommendation by mail, the period to file objections is 17 days). The time within which a party may make objections may be extended by the Court upon a timely motion for an extension of time demonstrating good cause for the extension. *See* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend that time . . . if a request is made, before the original time . . . expires.").

When a party makes a timely objection to the report and recommendation, the district court "make[s] a de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). When no objection to a magistrate's report and recommendation is made, or such an objection is untimely, the district court reviews the report and recommendation for plain error. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd*, 276 Fed. Appx. 125 (3d Cir. 2008) (explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a de novo review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error'").

## III. DISCUSSION

### A. Timeliness of Objections

Here, the Court served Lewis with a copy of the report and recommendation by mail on April 15, 2019. *See* Hard Copy Notice, ECF No. 87. As such, the deadline for Lewis to file objections to the April 12, 2019 Report and Recommendation was May 2, 2019. Lewis untimely filed his objections on May 6, 2019. Accordingly, the Court may limit its review of the Report and Recommendation to plain error review. *Henderson*, 812 F.2d at 878. After carefully reviewing the record and the Report and Recommendation for plain error, the Court does not find plain error in any of the Magistrate Judge's factual and legal findings.

### B. Lewis' Objections to the Report and Recommendation

Alternatively, assuming that Lewis' objections were timely filed, the Court reviews *de novo* the sections of the Report and Recommendation to which Lewis objected.

#### 1. Ineffective Assistance of Counsel Claim based on *Johnson*

The Court looks first to Lewis' objection to "the magistrate judge's determination[ ] that his ineffective assistance of counsel claims [based on *Johnson*] fail" in part because he waived his right to appeal his sentence. ECF No. 82 at 1-2 (citing R&R at 11, ECF No. 81).

To successfully allege an ineffective assistance of counsel claim in a § 2255 petition, a prisoner must 1) prove his counsel's representation was deficient and 2) demonstrate that the representation "prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). For the representation to be deemed "deficient," the court must find that the performance fell below an objectively reasonable standard of representation. *Id.* at 688-89.

Further, under *Strickland*, a prisoner must demonstrate prejudice, meaning that the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The petitioner bears the burden of establishing each of the two prongs by a preponderance of the evidence. *United States v. Serrano*, 798 F. Supp. 2d 634, 641 (E.D. Pa. 2011) (citing *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)).

The Court looks to the first prong of the analysis to determine whether counsel's representation was deficient. In his conditional plea agreement, Lewis explicitly waived the right to appeal his sentence. As such, his counsel was not deficient by not so arguing upon appeal. *See United States v. McGraw*, 571 F.3d 624, 630 (7th Cir. 2009) (declining to address the merits of appellant's sentencing challenge because the appellant waived the right to appeal his sentence in his plea agreement). As such, the Court finds that counsel's appellate representation was not deficient.

Under the second prong, Lewis cannot demonstrate prejudice from counsel's inaction. In his § 2255 petition, Lewis alleged a claim of ineffective assistance of counsel based on his appellate counsel not "keeping the appeal alive while the Supreme Court heard [*Beckles*,] a case determining if *Johnson*'s residual clause appl[ied] to the [Sentencing] Guidelines." ECF No. 79 at 8. In *Johnson*, the Supreme Court explained that the "Fifth Amendment prohibits the enforcement of vague criminal laws . . . ." 576 U.S. at 629. As a statute which fixes sentences, the ACCA is a criminal law that implicates the void-for-vagueness doctrine: "Under the [ACCA], a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a 'violent felony,'" a term defined by the residual clause of the Act "to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'"

*Johnson*, 576 U.S at 593 (quoting the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii)). The Supreme Court found that the residual clause of the ACCA was unconstitutional as impermissibly vague, in part, because the definition "leaves grave uncertainty about how to estimate the risk posed by a crime." *Johnson*, 576 U.S. at 597. Furthermore, where applicable, the section increased a defendant's prison term from a statutory maximum of ten (10) years to a statutory minimum of fifteen (15) years. Accordingly, the residual clause of the ACCA was held unconstitutional under the Fifth Amendment because that portion of the criminal law impermissibly fixed higher sentences for defendants defined by the vague clause. *See Beckles*, 137 S. Ct. at 892.

By contrast, the Sentencing Guidelines—held to be merely "advisory" by the Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005)—are not criminal laws and do not affix a term of incarceration. *Beckels*, 137 S. Ct. at 894. As discretionary guidelines that form only the basis for the calculation of a guideline *range* for sentencing along with additional factors which must be considered by the sentencing court, the Supreme Court held that the Sentencing Guidelines do not implicate the "twin concerns underlying [the] vagueness doctrine—providing notice and preventing arbitrary enforcement." *Id.* Even though the wording at issue in the Sentencing Guidelines is identical to that in the ACCA's residual clause, which was held to be unconstitutionally vague, "the Guidelines are not amenable to a vagueness challenge," *id.* at 890, 894, as they are not laws. Consequently, the holding of *Johnson* is inapplicable to the Sentencing Guidelines as "§ 4B1.2(a)'s residual clause is not void for vagueness." *Id.* at 895.

Consequently, even if Lewis had not waived the right to appeal his sentence, and even assuming that his counsel had argued that the definition of "crime of violence" in the Sentencing Guidelines was unconstitutionally vague, like the identical wording held to be unconstitutional in *Johnson*, Lewis would not have prevailed in his argument. As such, the result of the proceeding would not have been different. It follows that Lewis cannot demonstrate prejudice from counsel's inaction. Accordingly, the Court agrees with the report and recommendation that Lewis' ineffective assistance of counsel claim based on *Johnson* fails.

### 2. Appeal Based on *Johnson* would have been Meritless

Next, Lewis objects to the Magistrate Judge's determination that such an appeal based on *Johnson* would have been meritless, arguing that under *Gall v. United States*, 552 U.S. 38 (2007), the circuit court of appeals follows a two-step analysis to review the sentence for abuse of discretion. ECF No. 82 at 2-3. The Court agrees that where the circuit court reviews district court judgments, the standard of review is the "deferential abuse-of-discretion standard." *Gall*, at 41. Such review is "limited to determining whether [sentencing decisions] are 'reasonable,'" especially as it pertains to sentences outside of the Sentencing Guidelines range. *Id.* at 46. Here, however, Lewis was sentenced within the Sentencing Guidelines range and Lewis waived "the right to appeal any sentence within the maximum provided in the statute(s) of conviction *or the manner in which that sentence was determined* . . . ." ECF No. 46 at 7 (emphasis added).

Nonetheless, the Court looks at the merit of Lewis' argument. In his memorandum brief in support of the motion to vacate, Lewis argued that his sentence was calculated incorrectly because his prior convictions were "not crimes of violence." (ECF No. 79 at 3.) Lewis contended that the Supreme Court's holding in *Johnson*—finding the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), unconstitutionally vague—applies "with equal force" to the identical wording in section 4B1.2(a) of the Sentencing Guidelines. ECF No. 79 at 4.

As explained above, the Supreme Court, in *Beckels*, held that—unlike the ACCA and other statutes—the Sentencing "Guidelines are not amenable to a vagueness challenge," 137 S.Ct. at 894. As such, the holding in *Johnson* does not apply to the Sentencing Guidelines and the sentence calculated under section 2K2.1(a)(2), from the identically worded section 4B1.2(a), is not unconstitutional. The Court agrees with the Report and Recommendation that the Court's sentence was appropriate and that an appeal under *Johnson* or *Beckels* would have been meritless.

### 3. Ineffective Assistance of Counsel Claim based on Obliterated Serial Number

Lastly, Lewis objects to the Magistrate Judge's determination that his ineffective assistance of counsel claim for not arguing on appeal against the sentencing enhancement

for the obliterated serial number is meritless. Lewis admits that his counsel argued against the enhancement at the sentencing hearing but argues that counsel "failed to raise the issue at the next available opportunity (direct appeal)." ECF No. 82 at 3. Once again, counsel's inaction on appeal was not deficient as Lewis waived the right to appeal his sentence.

However, in the alternative, the Court looks to the record to consider the merit of Lewis' objection, had he not waived the right to appeal his sentence. At sentencing, Lewis argued that he didn't realize until discovery that there was an issue with the serial number of the Jericho, since the Probable Cause Fact Sheet and police Narrative both indicated there was a four-digit serial number on the Jericho firearm. Yet the indictment that opened the case listed three firearms in Lewis' possession, the third of which was listed as "a[n] Israeli Weapons Industries (IWI), model Jericho 941 FS, .40 caliber pistol, *serial number obliterated* . . . ." (ECF No. 1 at 1 (emphasis added).)

During the sentencing hearing, Special Agent Steven Waters ("Agent Waters") of the Department of Alcohol, Tobacco, Firearms, and Explosives ("ATF") testified regarding his attempt to locate and identify the serial number of the Jericho. On cross-examination, Defense questioned Agent Waters with regard to the four-digit serial number originally referenced in the Probable Cause Fact Sheet and Narrative of the VIPD, by asking where the serial number would have been located on the gun. In response, Agent Waters indicated an area under the ejection port. Defense followed up to clarify, stating that the agent had circled an area under the port that was larger than an inch, in comparison to a serial number that would have been made up of only four characters. However, the agent replied that the reference photo indicates that this type of firearm typically has a serial number much longer than three to four letters.

Agent Waters further testified that the Jericho in evidence was in substantially the same condition as when he received it for inspection following arrest. Additionally, the Defense offered no evidence showing that the Jericho in evidence had a serial number.

Following testimony of the witness and the Court's examination of the Jericho in question, the Court found that the Government had met its burden of proving that the Jericho had an obliterated serial number. As such, upon review of the record, even if Lewis had not

waived his right to appeal the sentence, the Court agrees with the Magistrate Judge's Report and Recommendation that Lewis "would not have prevailed had he appealed this issue." (ECF No. 81 at 12.)

### IV. CONCLUSION

The Court has conducted a *de novo* review of the portions of the report and recommendation to which Lewis objected and agrees with the Report and Recommendation. Having reviewed the remainder of the report and recommendation for clear error, the Court finds none. Accordingly, the Court will adopt the Magistrate Judge's Report and Recommendation and deny Lewis' 2255 petition. An appropriate order follows.

**Date:** March 24, 2022              */s/ Robert A. Molloy*
                                      **ROBERT A. MOLLOY**
                                      **Chief Judge**